UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JUAN JORGE SANCHEZ,** § | | |
| **TDCJ No. 577512,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | **CIVIL ACTION NO.** | |
| **NATHANIEL QUARTERMAN,** § | **SA-07-CA-323 XR (NSN)** | |
| **Texas Department of Criminal Justice** § | | |
| **Correctional Institutions Division Director,** § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM AND RECOMMENDATION

Juan Jorge Sanchez, an inmate in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a federal Petition for a Writ of Habeas Corpus by A Person in State Custody, pursuant to 28 U.S.C. § 2254.[1]  By previous written order, I have provisionally granted him leave to proceed In Forma Pauperis.[2]  Petitioner Sanchez's instant habeas petition does not challenge his conviction.  Instead, he claims his due process rights were violated during a Texas Board of Pardons and Parole hearing which occurred on or about November 8, 2005.[3]

As required by Rule 4 of the Rules Governing Section 2254 Cases, I have conducted a preliminary review of the petition.  Because petitioner Sanchez has failed to file this petition within the applicable one-year limitations period created by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), I recommend that it be dismissed.

---

[1] Docket entry no. 1.

[2] Docket entry no. 6.

[3] Docket entry no 1 and docket entry no. 5 at 2.

## I. <u>Background</u>

Petitioner Sanchez was originally convicted by a Bexar County jury in 1991 for murder in the first degree and given a 99 year sentence.[4]  The Court's records show this Court denied on the merits petitioner Sanchez's original federal habeas petition in Case No. SA-93-CA-546-HG.  The Court's records also show this Court dismissed petitioner Sanchez's subsequent habeas petitions as successive in Case Nos. SA-97-CA-149 FB; and SA-99-CA-207 FB.

Petitioner Sanchez's instant petition for a writ of habeas corpus is not a model of clarity but I understand him to challenge what he calls an "unconstitutional parole process."  Petitioner Sanchez claims that at a Texas Board of Pardons and Paroles (TBPP) hearing on or about November 8, 2005, the TBPP violated his Due Process Rights by failing to provide him with adequate notice that it made an affirmative finding that he had used a "4 knife" during the commission of the murder.  He further claims the TBPP's finding was improper because the jury found the "object unknown;" that the finding of the use of a knife has resulted in the TBPP improperly classifying his offense for parole review purposes; and thus, the TBPP has improperly delayed his eligibility for future parole review.

On page 4 of his petition, petitioner Sanchez claims that he filed a state habeas application following the parole hearing.  Although petitioner Sanchez failed to provide information regarding the date on which he filed the relevant state habeas application, I obtained the necessary information from the convicting court, where petitioner initially filed his application pursuant to Texas habeas rules.  According to the Clerk of Court at the 227th Judicial District Court, petitioner Sanchez filed his Article 11.07 application for writ of habeas corpus on December 12, 2006.  Review of the Texas

---

[4]  *State v. Sanchez*, cause no. 1990-CR-627 (227th Jud. Dist. Ct., San Antonio, 1991).

On Line Judiciary web site reveals that the Texas Court of Criminal Appeals denied same without written order on February 28, 2007.[5]

Petitioner Sanchez signed and dated his petition on March 12, 2007.

## II. Analysis

A.     The Timeliness of Petitioner Sanchez's § 2254 Habeas Petition

As noted above petitioner Sanchez signed his federal habeas petition on March 12, 2007. Thus, it appears petitioner Sanchez's habeas petition is untimely.

Title 28 U.S.C. § 2244(d) provides in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner Sanchez claims the TBPP violated his due process rights at a hearing on or about November 8, 2005, and that this violation resulted in an improper classification of his offense which improperly delays his eligibility for parole review. Thus, the statute of limitations began to run on "the date on which the factual basis of the claim or claims could have been discovered through due diligence."[6]

In this case, the date on which the factual predicate of Sanchez's claim could have been discovered through the exercise of due diligence is November 8, 2005, when the TBPP found that Sanchez used a "4 knife" during the commission of the murder. Thus, petitioner Sanchez had until

---

[5] I note Sanchez did accurately provide this information from the Texas Court of Criminal Appeals in his petition.

[6] *Id.*

November 8, 2006, to timely file his federal habeas petition. Because petitioner Sanchez did not file his instant habeas corpus petition until March 12, 2007, it was not filed within one year of the TBPP hearing he challenges. Therefore, petitioner Sanchez's habeas corpus petition is barred by the one-year statute of limitations of § 2244(d)(1)(D).

Section 2244(d)(2) excludes from the limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect the pertinent judgment or claim is pending." Because petitioner Sanchez filed his state habeas application on December 12, 2006, this filing did not serve to toll his federal tolling period and his federal petition remains untimely filed.

I also find petitioner Sanchez's federal habeas petition is not entitled to equitable tolling. AEDPA's one-year limitation period[7] is equitably tolled where the government or state actively misled the petitioner about the case, or where something extraordinary prevented petitioner from asserting his rights.[8] Petitioner Sanchez's federal writ petition does not demonstrate the government actively misled him about his case, and petitioner Sanchez does not assert that an extraordinary circumstance prevented him from asserting his rights. Accordingly, petitioner Sanchez's federal writ petition is not entitled to equitable tolling and is time-barred.

B.    Due Process

Even if Sanchez's habeas petition were timely filed, he still would not be entitled to habeas relief. In sum, petitioner Sanchez claims his due process rights were violated at the November 2005 hearing and that his eligibility for parole review has been wrongfully delayed as a result.

---

[7] *See Phillips v. Donnelly*, 216 F.3d 508, 510-511 (5th Cir. 2000).

[8] *See generally Phillips v. Donnelly*, 216 F.3d 508, 510-511 (5th Cir. 2000); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000); *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000).

Because parole under Texas law lies in the complete and unfettered discretion of the parole board, "Texas law does not create a liberty interest in parole that is protected by the Due Process Clause;" and it therefore "follows that because [the prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions."[9] Accordingly, Sanchez's complaints about the November 25, 2005, hearing are without merit.

Similarly, Sanchez has no basis for claiming he is entitled to a future "parole revocation" proceeding. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."[10] "[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest" implicating due process protections.[11]

### III. Recommendation

For the reasons discussed above, it is my recommendation that petitioner Sanchez's Petition for a Writ of Habeas Corpus filed by a Person in State Custody pursuant to 28 U.S.C. § 2254 be **DISMISSED** with prejudice as untimely and barred by limitations.

### Instructions for Service and Notice of Right to Appeal/Object

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties either (1) by certified mail, return receipt requested, or (2) by facsimile or e-mail if authorization to do so is on file with the Clerk.

---

[9] *Allison v. Kyle*, 66 F. 3d 71, 73 (5th Cir. 1995).

[10] *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).

[11] *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987).

Pursuant to Title 28 U.S.C. §636(b)(1), and Rule 4(b) of the Local Rules for the Assignment of Duties to United States Magistrates, the parties are hereby notified that a party desiring to object to this report must file with the Clerk of this Court and serve the Magistrate Judge and all parties with written objections to the findings and recommendation included above within ten (10) days after being served with a copy of this Memorandum and Recommendation.[12]

A party's objections must specifically identify the findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections.[13] A party's failure to file written objections to the proposed factual findings, legal conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court of those proposed factual findings, legal conclusions, and recommendations.[14]

Additionally, <u>failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within ten (10) days after being served with a copy, shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, unless the party validly alleges grounds of plain error.</u>[15]

**SIGNED on April 20, 2007.**

*[signature: Nancy Stein Nowak]*

**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

[13] *See Battle v. U.S. Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

[14] *See generally Thomas v. Arn*, 474 U.S. 140, 150-55, 106 S. Ct. 466, 472-75 (1985); 28 U.S.C. §636(b)(1).

[15] *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000); and *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).