**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JUAN JORGE SANCHEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **VS.** | ) | **Civil Action No.  SA-07-CV-323-XR** |
| | ) | |
| **NATHANIEL QUARTERMAN,** | ) | |
| **Director, Texas Department of Criminal** | ) | |
| **Justice, Correctional Inst. Division** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

On this date, the Court considered the Report and Recommendation of the United States Magistrate Judge, filed on April 20, 2007 in the above styled and numbered cause (Docket No. 7). The report was mailed to Petitioner Juan Sanchez, who timely filed his objections to the Report and Recommendation on May 2, 2007.   After careful consideration, the Court will ACCEPT the Magistrate Judge's recommendation and DISMISS Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus as barred by limitations.  Because petitioner failed to file this petition within the applicable one-year limitations period created by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), it must be dismissed as untimely.  Alternatively, to the extent that the petition could be construed to assert a claim under 42 U.S.C. § 1983, the Court will DISMISS the claim as frivolous because it lacks an arguable basis in law or fact .  Petitioner's motion for hearing (Docket No. 5) and motion to transfer record (Docket No. 10) are DISMISSED AS MOOT.  The Clerk is instructed to close this case.

Any party who desires to object to a Magistrate Judge's findings and recommendations must

serve and file his written objections within ten days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). Because Petitioner filed his objections, the Court will conduct a de novo review of the findings and recommendations of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made").

## I. Factual & Procedural Background

Juan Jorge Sanchez, an inmate in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a federal Petition for a Writ of Habeas Corpus by A Person in State Custody, pursuant to 28 U.S.C. § 2254. By previous written order, the Magistrate Judge provisionally granted him leave to proceed In Forma Pauperis. Petitioner Sanchez's instant habeas petition does not challenge his conviction. Instead, he claims his due process rights were violated during a Texas Board of Pardons and Parole hearing which occurred on or about November 8, 2005.

Petitioner Sanchez was originally convicted by a Bexar County jury in 1991 for murder in the first degree and given a ninety-nine year sentence. The Court's records show this Court denied on the merits Petitioner Sanchez's original federal habeas petition in Case No. SA-93-CA-546-HG. The Court's records also show this Court dismissed Petitioner's subsequent habeas petitions as successive in Case Nos. SA-97-CA-149 FB; and SA-99-CA-207 FB.

Petitioners instant petition for a writ of habeas corpus challenges what he calls an "unconstitutional parole process." Petitioner claims that at a Texas Board of Pardons and Paroles (TBPP) hearing on or about November 8, 2005, the TBPP violated his Due Process Rights by failing to provide him with adequate notice that it made an affirmative finding that he had used a knife

during the commission of the murder.  He further claims the TBPP's finding was improper because the jury found the "object unknown."  He argues that the finding of the use of a knife has resulted in the TBPP improperly classifying his offense for parole review purposes and improperly delaying his eligibility for future parole review.[1]

Petitioner claims that he filed a state habeas application following the parole hearing. Although Petitioner failed to provide information regarding the date on which he filed the relevant state habeas application, the Magistrate Judge obtained the necessary information from the convicting court, where Petitioner initially filed his application pursuant to Texas habeas rules. According to the Clerk of Court at the 227th Judicial District Court, Petitioner filed his Article 11.07 application for writ of habeas corpus on December 12, 2006. Review of the Texas On Line Judiciary web site reveals that the Texas Court of Criminal Appeals denied same without written order on February 28, 2007.  Petitioner signed and dated his federal habeas petition on March 12, 2007.[2]

Citing 28 U.S.C. § 2254(d), the Magistrate Judge recommended that Sanchez's Petition for a Writ of Habeas Corpus filed by a Person in State Custody pursuant to 28 U.S.C. § 2254 be dismissed with prejudice as barred by limitations.  The Magistrate Judge did not address whether the petition could be construed to assert a claim under 42 U.S.C. § 1983.

---

[1]Sanchez states that the TBPP "arbitrarily has up-graded Sanchez sentence by including in the parole process an affirmative finding of weapon (knife), said finding it aggravates the offender's punishment and maliciously it influences the offender's opportunity for a full and fair parole review in clear violation of petitioner's right to notice and a hearing overriding flagrantly and with impunity the verdict handed down by the jury violating equal protection and due process safeguards." Petition, Pg. 7.

[2]A prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

In his objections to the report and recommendation, Petitioner argues that the two-year limitations period applicable to section 1983 claims applies to his case. Additionally, Petitioner request that the Court transfer his case to the Galveston Division of the Southern District of Texas "due to the persistent animosity towards Petitioner [sic] right to due process of the law around the Bexar Co. Area." Objections, Pg. 1.

## II. Legal Analysis

### A.    Petitioner's request to transfer venue to the Galveston Division of the Southern District of Texas is DENIED.

In his objections to the report and recommendation, Petitioner requests that the Court transfer his case to the Galveston Division of the Southern District of Texas. Venue is proper in a habeas corpus action in either the district court where the petitioner is in custody or in the district within which the petitioner was convicted and sentenced. 28 U.S.C. § 2241(d). Petitioner is confined in the Darrington Unit of the Texas Department of Criminal Justice, which is within the geographical boundaries of the Galveston Division of the Southern District of Texas. Petitioner was convicted and sentenced by a judicial district court in Bexar County, Texas, which is within the geographical boundaries of the San Antonio Division of the Western District of Texas. Petitioner originally filed this habeas action in the Austin Division of the Western District of Texas, and the Austin Division subsequently transferred this case to the San Antonio Division because Petitioner was convicted in Bexar County. The Court finds that venue is proper in the San Antonio Division of the Western District of Texas. Additionally, the Court has already expended valuable judicial resources in evaluating Petitioner's case. Having originally elected to pursue his case in the Western District of Texas, Petitioner cannot now seek to transfer his case to the Southern District of Texas after

receiving an adverse report and recommendation from the Magistrate Judge. The request for discretionary transfer is DENIED. *See* 28 U.S.C. § 1404(a).

**B.      Petitioner's habeas claim is barred by the AEDPA one-year limitations period; therefore, it must be DISMISSED as untimely.**

After careful consideration, the Court will ACCEPT the Magistrate Judge's recommendation and DISMISS Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus as barred by limitations. Alternatively, to the extent that the petition could be construed to assert a claim under 42 U.S.C. § 1983, the Court will DISMISS that claim as frivolous because it lacks an arguable basis in law or fact, as discussed *infra.  See* 28 U.S.C. § 1915(d).

28 U.S.C. § 2254(d) provides in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner claims the TBPP violated his due process rights at a hearing on or about November 8, 2005, and that this violation resulted in an improper classification of his offense which improperly delays his eligibility for parole review. Thus, the statute of limitations began to run on "the date on which the factual basis of the claim or claims could have been discovered through due diligence."

In this case, the date on which the factual predicate of Petitioner's claim could have been discovered through the exercise of due diligence is November 8, 2005, when the TBPP found that Sanchez used a knife during the commission of the murder. Thus, Petitioner had until November 8, 2006, to timely file his federal habeas petition.[3] Because Petitioner did not file his instant habeas

---

[3]The Texas Court of Criminal Appeals denied petitioner's state habeas action without written order on February 28, 2007. The AEDPA one-year limitations period does not begin to run when

corpus petition until March 12, 2007, it was not filed within one year of the TBPP hearing he challenges. Therefore, Petitioner's habeas corpus petition is barred by the one-year statute of limitations of section 2244(d)(1)(D). Section 2244(d)(2) excludes from the limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect the pertinent judgment or claim is pending." Because Petitioner filed his state habeas application on December 12, 2006, this filing did not serve to toll his federal tolling period and his federal petition remains untimely filed. Thus, Petitioner's habeas claim is barred by limitations.

**C.      Petitioner is not entitled to equitable tolling of the one-year limitations period applicable to his habeas claim.**

The Court agrees with the Magistrate Judge's conclusion that the AEDPA one-year limitations period should not be equitably tolled in this case. Equitable tolling is only available in "exceptional circumstances." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). "[L]ack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" do not justify equitable tolling. *Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996); *see also U.S. v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000). A "garden variety claim of excusable neglect" does not support equitable tolling. *Rashidi*, 96 F.3d. At 128.

Section 2244(d)(1)(D) provides for equitable tolling when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner. *Fisher v. Johnson*, 174

the state court rules on the petitioner's state habeas application. *Ybanez v. Johnson*, 204 F.3d 645, 646 (5th Cir. 2000).

F.3d 710, 715 n. 14 (5th Cir. 1999). Petitioner does not allege newly discovered facts that could not have been previously discovered with the exercise of due diligence and fails to assert any other basis for excusing his failure to timely file his federal Petition.

**D.      Alternatively, to the extent that the petition could be construed to assert a claim under 42 U.S.C. § 1983, the Court will DISMISS that claim as frivolous because it lacks an arguable basis in law or fact.**

In his objections to the report and recommendation, Petitioner argues that his claim is not a challenge on the legality of his conviction; instead, it is an attack on the legality of Texas' parole procedures.  Petitioner further argues that the two-year personal injury statute of limitations should apply to his claim, not the one-year statute of limitations applicable to section 2254 habeas proceedings.

Petitioner is essentially arguing that his case should be characterized as a section 1983 action, which borrows the two-year limitations period applicable to personal injury actions in Texas.  *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) ("[W]here state law provides multiple statute of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions"); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992); Tex. Civ. Prac. & Rem. Code § 16.003(a).  The Magistrate Judge did not address this issue in her report and recommendation.

In *Preiser v. Rodriguez*, the Supreme Court stated that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." 411 U.S. 475, 490 (1973).  Petitioner's pleading is entitled "Application for Writ of Habeas Corpus," and the jurisdictional statute he cited is "28 U.S.C. § 2254."  Petitioner's motion to proceed IFP again stated

that the jurisdictional basis of his claim is 28 U.S.C. § 2254.  Petitioner did not seek damages in his petition.  *See Preiser*, 411 U.S. at 494 ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy").  The form of Petitioner's pleading indicates that it should be characterized as a petition for writ of habeas corpus.  However, form does not necessarily trump substance in this context.

After examining the substance of the pleading, the Court concludes that Petitioner might have alleged a valid section 1983 claim.  Petitioner argues that the finding of the use of a knife has resulted in the TBPP improperly classifying his offense for parole review purposes and improperly delayed his eligibility for future parole review.  If his petition could be construed to allege a claim under section 1983, then Petitioner's claim would not be time-barred because the two-year statute of limitations applicable to his section 1983 claim would not run until November 8, 2007 at the earliest.  *See Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987) ("[T]he [section 1983] statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured").

In *Allison v. Kyle*, the Fifth Circuit stated the following:

The initial question is whether Allison's claims are cognizable under section 1983. "Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). However, if a prisoner is challenging the result of a specific defective parole hearing or is challenging a parole board's rules and procedures that affect his release and resolution would automatically entitle him to accelerated release, then the challenge must be pursued by writ of habeas corpus. *Id.* The distinction is between claims that would " merely enhance eligibility for accelerated release and those that would create entitlement to

such relief." *Id.* (citation omitted). A claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under section 1983. *Id.*

Allison stated in his complaint that he was not alleging that his conviction was unlawful and was not seeking a speedier release from confinement. He is seeking annual parole hearings in the future, and he is not seeking monetary damages. Allison is seeking to have the Parole Board comply with what he contends are due process and ex post facto requirements in its parole review procedures. It appears that a favorable determination on these issues would not automatically entitle Allison to accelerated release. Therefore, his claims are properly raised under section 1983.

66 F.3d 71, 73 (5th Cir. 1995). The Court questions whether Plaintiff's success in this action would "create entitlement" to accelerated release from prison. If a prisoner is challenging the result of a specific defective parole hearing, or is challenging a parole board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be pursued by writ of habeas corpus. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). If this Court found that the TBPP improperly delayed Petitioner's eligibility for future parole review, it is unclear that Petitioner would be "automatically entitled to accelerated release." Petitioner appears to challenge the "result of a specific defective parole hearing," but he also argues that TBPP's finding that he used a knife will effect (1) his eligibility to participate in future parole hearings and (2) his likelihood of success in those future hearings. Construing the petition in the light most favorable to Petitioner, success on the merits of this action might simply "enhance eligibility for accelerated release," such that Petitioner's claim would be cognizable under section 1983. *See Orellana*, 65 F.3d at 31 ("A claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under § 1983. If such a § 1983 complaint contains both habeas and § 1983 claims, the district court should separate the claims and decide the § 1983 claims"). Arguably, Petitioner's success in this action would only have an "indirect impact" on

whether he eventually received parole.

Even assuming that Petitioner's putative section 1983 claim is valid, it lacks an arguable basis in law or fact.  A Complaint filed In Forma Pauperis ("IFP") may be dismissed as frivolous if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(d); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir.1994). A Complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as if the defendants are clearly immune from suit or if the complaint alleges the violation of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The Court concludes that Petitioner's section 1983 claim is frivolous because it lacks an arguable basis in law or fact.  "[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Hilliard v. Bd. of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir.1985).  The Fifth Circuit has held that "Texas law does not create a liberty interest in parole that is protected by the Due Process Clause."  *Allison*, 66 F.3d at 74; *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.), *cert. denied*, 501 U.S. 1210 (1991).  Because a prisoner has no liberty interest in obtaining parole in Texas, the prisoner cannot complain of the constitutionality of procedural devices attendant to parole decisions.  *Orellana*, 65 F.3d at 32.  There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  "[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest" implicating due process protections.  *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987); *See Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir.1987) ("The distinction between whether a prisoner *shall* or *may* be given parole

-10-

critically differentiates his expectation of release, and hence his rights under the due process clause of the fourteenth amendment") (emphasis in original).

Texas law reinforces the conclusion that Petitioner's putative section 1983 claim lacks an arguable basis in law or fact.  The Texas Court of Criminal Appeals has held that "[t]he parole panel has great discretion in the regular parole review process as an inmate does not have a statutorily vested liberty interest in being released on parole".  *Ex parte Retzlaff*, 134 S.W.3d 45, 49 (Tex. Crim. App. 2004) (citing *Ex parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000)).  Accordingly, to the extent that the petition could be construed to assert a claim under 42 U.S.C. § 1983, the Court will DISMISS the claim as frivolous because it lacks an arguable basis in law or fact .  28 U.S.C. § 1915(d).

### III. Conclusion

After careful consideration, the Court will ACCEPT the Magistrate Judge's recommendation and DISMISS Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus as barred by limitations.  Because petitioner failed to file this petition within the applicable one-year limitations period created by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), it must be dismissed as untimely.  Alternatively, to the extent that the petition could be construed to assert a claim under 42 U.S.C. § 1983, the Court will DISMISS the claim as frivolous because it lacks an arguable basis in law or fact.  Petitioner's motion for hearing (Docket No. 5) and motion to transfer record (Docket No. 10) are DISMISSED AS MOOT.  The Clerk is instructed to close this case.

It is so ORDERED.

SIGNED this 9th day of May, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE