UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JUAN JORGE SANCHEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) Civil Action No. SA-07-CV-323-XR |
| | ) |
| NATHANIEL QUARTERMAN, | ) |
| Director, Texas Department of Criminal | ) |
| Justice, Correctional Inst. Division | ) |
| | ) |
| Respondent. | ) |

**ORDER**

On this date, the Court considered Petitioner Sanchez's Rule 59(e) motion to alter or amend judgment (Docket No. 14). For the reasons discussed below, the motion is DENIED.

**I. Factual & Procedural Background**

On May 9, 2007, the Court accepted the Magistrate Judge's recommendation and dismissed Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus as barred by limitations. The Court entered Judgment on the same date. Because petitioner failed to file this petition within the applicable one-year limitations period created by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Court found that Petitioner's habeas petition was untimely filed. Alternatively, to the extent that the petition could be construed to assert a claim under 42 U.S.C. § 1983, the Court dismissed the claim as frivolous because it lacked an arguable basis in law or fact. Because a prisoner has no liberty interest in obtaining parole in Texas, the Court concluded that Petitioner could not complain of the constitutionality of procedural devices attendant to parole decisions.

Petitioner signed his motion to alter or amend judgment on May 17, 2007. A prisoner's

federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Because Petitioner filed his motion within ten days after the Court entered Judgement, the motion will be treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990); FED. R. CIV. P. 6(a). A Rule 59(e) motion to alter or amend judgment is also referred to as a motion for reconsideration. *Simmons v. Reliance Stand. Life Ins. Co.*, 310 F.3d 865, 868 n.1 (5th Cir. 2002). The purpose of Rule 59(e) motions is to correct manifest errors of law or fact or to present newly discovered evidence. *Lavespere*, 910 F.2d at 174.

Petitioners instant petition for a writ of habeas corpus challenges what he calls an "unconstitutional parole process." Petitioner claims that at a Texas Board of Pardons and Paroles (TBPP) hearing on or about November 8, 2005, the TBPP violated his Due Process Rights by failing to provide him with adequate notice that it made an affirmative finding that he had used a knife during the commission of the murder. He further claims the TBPP's finding was improper because the jury found the "object unknown." He argues that the finding of the use of a knife has resulted in the TBPP improperly classifying his offense for parole review purposes and improperly delaying his eligibility for future parole review.

---

[1] Petitioner stated that he was filing the motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. A motion to alter or amend judgment under Rule 59(e) is not subject to the "same exacting substantive requirements" as a motion for relief from judgment under Rule 60(b), so it is more beneficial to Petitioner for this Court to evaluate his motion under the more lenient standard of Rule 59(e). *See Lavespere*, 910 F.2d at 174.

## II. Legal Analysis

**A.     For purposes of this Rule 59(e) motion, the Court will assume that Petitioner's habeas claim was timely filed.**

Petitioner argues that the Court erred when it concluded that his habeas claim was barred by AEPDA's one-year limitations period.

28 U.S.C. § 2254(d) provides in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner claims the TBPP violated his due process rights at the November 8, 2005 parole hearing, and that this violation resulted in an improper classification of his offense, which improperly delays his eligibility for parole review. Because the AEDPA one-year limitations period began to run on "the date on which the factual basis of the claim or claims could have been discovered through due diligence," the Court previously concluded that Petitioner's habeas claim first accrued on November 8, 2005, when the TBPP found that Sanchez used a knife during the commission of the murder. Petitioner filed his state habeas application on December 12, 2006, and the Texas Court of Criminal Appeals denied Petitioner's state habeas action without written order on February 28, 2007. Because Petitioner filed his state habeas application on December 12, 2006, this filing did not serve to toll the running of the AEDPA one-year limitations period, which expired on November 8, 2006.[2]

---

[2]Section 2244(d)(2) excludes from the AEDPA one-year limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect the pertinent judgment or claim is pending." Because Petitioner's state habeas application was not filed until *after* the one-year limitations period expired, the Court concluded that Petitioner was not entitled to the benefit of this tolling provision.

Because Petitioner did not file his instant habeas corpus petition until March 12, 2007, the Court found that Petitioner's habeas petition was time barred.

In his Rule 59(e) motion, Petitioner argues that he did not discover until **January 27, 2006** that the parole hearing officer had considered his use of a knife during the commission of the murder.[3] For purposes of this motion, the Court will assume that the earliest date on which the factual predicate of his habeas claim could have been discovered through the exercise of due diligence was January 27, 2006.[4] Under normal circumstances, the one-year limitations period would have expired on Monday, January 29, 2007; however, Petitioner's filing of his state habeas application on December 12, 2007 tolled the limitations period until forty-nine days after February 28, 2007 (the date the Texas Court of Criminal Appeals denied Petitioner's state habeas application). Thus, Petitioner's filing of his federal habeas application on March 12, 2007 would be timely if the factual predicate of Petitioner's habeas claim could not have been discovered through the exercise of due diligence until January 27, 2006.

---

[3] In his motion, Petitioner stated that "on 1/27/2006 the offender was notified through a notice of parole panel decision of a 4 yrs set-off because of type of offense [???] use of a weapon."

[4] The Court is indulging Petitioner in assuming that he did not receive the notice of parole panel decision until January 27, 2006. Petitioner did not attach a copy of this decision to his motion, so his allegation that he received the decision on January 27 is not supported by any evidence. Furthermore, Petitioner stated in his motion that "on or about Nov. 12, 2005, the parole officer clearly asked the question of why did you do it with a '4" Knife' but it was [not] until Jan. 27, 2006 when the offender was notified of a set-off . . . .[in the decision] adopting arbitrarily this factual finding of use of a weapon." Based on this statement, it is clear that Petitioner at least suspected on November 12, 2005 that the parole officer was considering his alleged use of a knife in making the parole determination, but it was not until Petitioner received the decision that he was certain of this fact. For purposes of this Rule 59(e) motion, the Court is willing to give the Petitioner the benefit of the doubt that his federal habeas petition was timely.

**B.     Even assuming that Petitioner's federal habeas claim was timely filed, it fails on the merits for the same reason that Petitioner's section 1983 claim failed—Texas law does not create a liberty interest in parole that is protected by the Due Process Clause of the 14th Amendment of the United States Constitution.  To the extent that Petitioner alleges a violation of the Due Process Clause of the Texas Constitution, he has not alleged a deprivation of some right secured to him  by the United States Constitution or the laws of the United States.**

In its previous Order, the Court concluded that Petitioner might have alleged a valid section 1983 claim.  Petitioner argues that the finding of the use of a knife has resulted in the TBPP improperly classifying his offense for parole review purposes and improperly delayed his eligibility for future parole review.  If his petition could be construed to allege a claim under section 1983, the Court concluded that Petitioner's claim would not be time-barred because the two-year statute of limitations applicable to his section 1983 claim would not run until November 8, 2007 at the earliest. *See Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987) ("[T]he [section 1983] statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured").

The Court found that success on the merits of this action might simply "enhance eligibility for accelerated release," such that Petitioner's claim would be cognizable under section 1983.  *See Orellana*, 65 F.3d at 31 ("A claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under § 1983. If such a § 1983 complaint contains both habeas and § 1983 claims, the district court should separate the claims and decide the § 1983 claims").  Arguably, Petitioner's success in this action would only have an "indirect impact" on whether he eventually received parole.

Even assuming that Petitioner's putative section 1983 claim is valid, the Court concluded that it lacked an arguable basis in law or fact.  Petitioner's federal habeas claim fails for the same reason

this his section 1983 claim failed. "[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Hilliard v. Bd. of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir.1985) (emphasis added). The Fifth Circuit has held that "Texas law does not create a liberty interest in parole that is protected by the Due Process Clause." *Allison*, 66 F.3d at 74; *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.), *cert. denied*, 501 U.S. 1210 (1991); *Cruz v. Texas Parole Div.*, 87 Fed. Appx. 346, 347 (5th Cir. 2004); *Martin v. Texas Bd. Of Criminal Justice*, 60 S.W.3d 226, 230 (Tex. App.–Corpus Christi 2001, no pet.). Because a prisoner has no liberty interest in obtaining parole in Texas, the prisoner cannot complain of the constitutionality of procedural devices attendant to parole decisions. *Orellana*, 65 F.3d at 32. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). "[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest" implicating due process protections. *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987); *See Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir.1987) ("The distinction between whether a prisoner *shall* or *may* be given parole critically differentiates his expectation of release, and hence his rights under the due process clause of the fourteenth amendment") (emphasis in original). The Texas Court of Criminal Appeals has held that "[t]he parole panel has great discretion in the regular parole review process as an inmate does not have a statutorily vested liberty interest in being released on parole". *Ex parte Retzlaff*, 135 S.W.3d 45, 49 (Tex. Crim. App. 2004) (citing *Ex parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000)). Parole means "the *discretionary* and conditional release of an eligible inmate

sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6). It does not matter whether Petitioner challenges the parole review process through a habeas corpus action or a section 1983 action; the fact remains that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause.

In contrast to the regular parole review process, Texas' mandatory supervision statute does vest a liberty interest in the eligible inmate. *Retzlaff*, 134 S.W.3d at 49; TEX. GOV'T CODE § 508.001(5). Unlike parole, which requires that the Board vote in favor of release, the mandatory supervision statute requires that the offender be released absent Board action to the contrary. *Id.* at 49 n.11. The mandatory supervision statute provides that a prisoner shall be released to mandatory supervision when his actual time served and accrued good conduct time add up to his total sentence. TEX. GOV'T CODE § 508.147(a); *Geiken*, 28 S.W.3d at 558. In this case, Petitioner has not alleged that he is entitled to be released to mandatory supervision, so the Court assumes that this case involves a discretionary parole decision. Considering the fact that Petitioner is serving a ninety-nine year sentence, it appears that he is not currently eligible for mandatory supervision.

Petitioner also argues that Article I, Section 19 of the Texas Constitution "requires notice and a hearing before the government can come up with this affirmative finding of use or exhibition of weapon." Even assuming that the Due Process Clause of the Texas Constitution affords Petitioner this right, *which this Court does not decide*, this state constitutional claim is not cognizable in a federal habeas proceeding because Petitioner has not alleged a deprivation of some right secured to him by the United States Constitution or the laws of the United States.

**C.      Petitioner's conclusory assertion that this Court exhibited favoritism, partiality, and bias in its decision is without merit.**

In his motion, Petitioner attacks the integrity of this Court by stating that the Court engaged in an "extrajudicial investigation exhibiting favoritism and partiality." Petitioner also stated that this Court dismissed the action based on "personal bias" towards Petitioner. This Court has merely stated the law and followed it. The parole board's decision regarding whether to release an inmate is discretionary, and the law of this circuit holds that the discretionary nature of parole release in Texas does not give rise to a protected liberty interest implicating due process protections. *See, e.g., Palmer v. Texas Bd. of Paroles*, 89 Fed. Appx. 857, 858 (5th Cir. 2003).

### III. Conclusion

Petitioner's Rule 59(e) motion to alter or amend judgment is DENIED.

It is so ORDERED.

SIGNED this 6th day of June, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE